IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SIRINA SUCKLAL,

    Plaintiff,

       v.                     CIVIL NO.: WDQ-10-1536

MTGLQ INVESTORS LP, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Sirina Sucklal sued MTGLQ Investors LP ("MTGLQ") and Wachovia Capital Markets, LLC ("Wachovia") (collectively, the "defendants") to quiet title based on various federal and state law claims. For the following reasons, the defendants' motions to dismiss will be granted, and Sucklal's motions to consolidate will be denied.

I. Background[1]

On January 20, 2006, Sucklal and Ella Smith[2] closed on two mortgage loans with Fremont Investment & Loan ("Fremont") for a

---

[1] For the defendants' motions to dismiss, the well-pled allegations in Sucklal's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] Sucklal and Smith met in 2003 as Howard University employees. *Attorney Grievance Comm'n of Md. v. Sucklal*, AG No. 26, 2011 WL 206195, at *3 (Md. Jan. 25, 2011). Sucklal, who is a New York lawyer, falsely represented to Smith that she was admitted to practice in Maryland. *Id.* at *2 n.1.

home in Laurel, Maryland (the "Property"). ECF No. 20, Exs. 1, 32. Both promissory notes, signed by Sucklal and Smith, state, "I understand that the Lender [Fremont] may transfer this Note." *Id*. The Property was deeded to Sucklal and Smith as tenants in common. Compl., Ex. 1.[3]

Without explanation, the complaint states that the defendants (1) "claim an interest in the [P]roperty adverse to [Sucklal] and Smith," (2) have no "legal or equitable rights, claims, or interests in the [P]roperty," and (3) "have repeatedly refused to provide valid proof of ownership or assignment." Compl. ¶¶ 9-10. It appears that the first mortgage loan was ultimately transferred to MTGLQ, and the second to Wachovia, possibly as the agent of another entity. ECF No. 14 at 2; ECF No. 20 at 8; *id.*, Ex. 19. On November 18, 2008, the Property was referred for foreclosure because Sucklal had defaulted on the loan held by MTGLQ. *Id.* On March 13, 2009, MTGLQ initiated an action in the Circuit Court for Howard County to foreclose on the Property. *MacFadyen v. Smith*, No. 13-C-09-076734.

On April 24, 2009, Sucklal filed a *pro se* complaint against Fremont, MTGLQ, Wachovia, and others to quiet title based on various federal and state law claims. *Sucklal v. Fremont Reorg.*

---

[3] By promising to later remove Smith's name, Sucklal induced Smith into signing the two deeds of trust making them jointly liable for the mortgage loans. *Sucklal*, 2011 WL 206195, at *3. Because Sucklal has not paid the loans, "Smith's credit has been ruined." *See id.*

2

*Corp.*, No. JFM-09-1058, 2009 WL 3208683, at *1–*2 (D. Md. Sept. 30, 2009) [hereinafter *Sucklal I*]. On September 30, 2009, Judge J. Frederick Motz dismissed the complaint for failure to (1) state a claim, and (2) join Smith, the co-owner of the Property, as a necessary party. *Id.*

On April 30, 2010, Sucklal filed a *pro se* complaint against the defendants in the Circuit Court for Howard County to quiet title and for predatory lending, unfair and deceptive acts and practices, usury, fraud in the factum, unjust enrichment, identity theft, civil conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act, Truth in Lending Act, and Fair Credit Reporting Act. She again failed to name Smith.

On May 14, 2010, MTGLQ bought the Property at a substitute trustees' foreclosure sale. ECF No. 29, Ex. 7 at 1.

On June 10, 2010, the case was removed to this Court. ECF No. 1. On June 17, 2010, the defendants moved to dismiss. ECF Nos. 12, 13. On July 6 and 20, Sucklal opposed those motions. ECF Nos. 18, 20. On July 23, MTGLQ filed its reply. ECF No. 21.

On September 20, 2010, in the *MacFadyen* foreclosure action, the Circuit Court for Howard County replaced MTGLQ with Goldman Sachs Mortgage Company ("Goldman Sachs"), the purchaser of the Property. ECF No. 28, Ex. 8. Ownership rights in the Property were assigned to Goldman Sachs. *See id.;* ECF No. 29, Ex. 7.

3

On October 5, 2010, Sucklal removed *MacFadyen* to this Court, seeking to vacate the sale of the Property.[4] On November 15 and December 20, 2010, Sucklal moved to consolidate *MacFadyen* with the instant case. ECF Nos. 24, 29.[5] On November 19 and 22 and December 22, 2010, the defendants opposed those motions. ECF Nos. 25–26, 30.

II. Analysis

  A. The Defendants' Motions to Dismiss

    1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each

---

[4] WDQ-10-2802, ECF No. 7. On November 12, 2010, the plaintiffs moved to remand that case. *Id.*, ECF No. 10.

[5] Sucklal's motion for time to respond to the defendants' opposition, *see* ECF No. 27, is moot; she has responded, *see* ECF No. 28.

4

element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id*. (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v.*

5

*Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. Quiet Title Claim

Sucklal asserts without explanation that the defendants (1) "claim an interest in the [P]roperty adverse to [her] and Smith," (2) have no "legal or equitable rights, claims, or interests in the [P]roperty," and (3) "have repeatedly refused to provide valid proof of ownership or assignment." Compl. ¶¶ 9-10. She seeks to quiet title, and requests the Court to "declar[e] that Sucklal and Smith are the absolute owners of [the Property]," and the defendants have no right to it. *Id.* at 4.

Without asserting any factual allegations, Sucklal "pleads . . . in support of [her quiet title claim]":

> Predatory Lending, violation of the Racketeer Influenced and Corrupt Organization[s] Act (RICO), Unfair and Deceptive Acts and Practices (UDAP) Statutes, Usury, violation of Federal Truth in Lending Act, violation of the Fair Credit Reporting Act, Fraud in the Factum, Unjust Enrichment, Civil Conspiracy[,] and Identity Theft.

*Id.* ¶ 11.

In moving to dismiss, the defendants assert that Sucklal has failed to state any claim. ECF No. 12 at 5; ECF No. 14 at 9.[6]

---

[6] The defendants also note that despite Judge Motz's dismissal of *Sucklal I*'s quiet title claim for, *inter alia*, failure to join co-owner Smith as a necessary party, *Sucklal*, 2009 WL 3208683,

6

Under Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied or disputed, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it." But a quiet title claim may not be brought if an action is "pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." *Id.*

Although Sucklal has alleged that the defendants have asserted an invalid, adverse interest in the Property, Compl. ¶¶ 9-10, she has not defined that interest. Although she has challenged the transfers of the two January 20, 2006 mortgage loans from Fremont to the defendants, in the signed promissory notes she stated her "understand[ing] that the Lender [Fremont] may transfer this Note." ECF No. 20, Exs. 1, 32.[7] To the extent

---

at *1, Sucklal has again failed to name her as a co-plaintiff. *See* ECF No. 12 at 5; ECF No. 14 at 9. To the extent the defendants are impliedly moving to dismiss under Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party, the Court need not address that issue; the Court will focus on the failure to state a claim.
    It should be noted that Sucklal induced Smith into signing the two deeds of trust on the Property, thus making Smith responsible for the loans that Sucklal has not paid. *Sucklal*, 2011 WL 206195, at *3. Smith's credit has been damaged. *Id.*; *see also* discussion *supra* p. 2 n.3.

[7] *See, e.g.*, *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2010 WL 2733097, at *5-*6 (D. Md. July 9, 2010) (argument that plaintiff had not consented to the securitization of his mort-

7

that she is aggrieved by the sale of the Property to Goldman Sachs--from MTGLQ[8]--she should have filed an "exception" in the foreclosure action explaining the "irregularity [of the sale] with particularity." Md. R. 14-305.

Further, a quiet title claim is barred because Sucklal has moved to vacate the foreclosure sale,[9] thus challenging the validity of Goldman Sach's ownership rights in the Property. *See* Md. Code Ann., Real Prop. § 14-108(a) (quiet title suit may not be brought if an action is pending to "test the validity of the title, lien, encumbrance, or other adverse claim").[10]

Accordingly, Sucklal's quiet title claim must be dismissed.

3. Racketeer Influenced and Corrupt Organizations Act Claim

To state a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim,[11] a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" includes various federal and state

---

gage note failed because the note stated that it could be transferred).

[8] ECF No. 28, Ex. 8; ECF No. 29, Ex. 7.

[9] WDQ-10-2802, ECF No. 7.

[10] *Cf. Haley v. Corcoran*, 659 F. Supp. 2d 714, 721–22 (D. Md. 2009) (dismissing quiet title suit under § 14-108 because plaintiffs had filed unresolved exceptions to the ratification of a foreclosure sale).

[11] 18 U.S.C. §§ 1961 *et seq.*

crimes, and offenses involving bankruptcy, securities fraud, or drug-related activities. *See* 18 U.S.C. § 1961. Because Sucklal has pled no factual allegations stating a pattern of racketeering activity, this claim must be dismissed.

4. Truth in Lending Act Claim

The Truth in Lending Act ("TILA"),[12] which ensures "meaningful disclosure of credit terms," applies only to creditors. *See* 15 U.S.C. § 1601(a); *Kelly v. One West Bank, FSB*, No. RDB-10-118, 2010 WL 2640390, at *2 (D. Md. June 30, 2010). Under TILA, a "creditor" (1) regularly extends consumer credit, and (2) "is the person to whom the debt arising from [the loan] is initially payable on the face of the evidence of indebtedness [or] agreement." 15 U.S.C. § 1602(f).

Here, neither defendant was the initial payee on the mortgage documents; both loans were payable "to the order of the Lender[,] Fremont." ECF No. 20, Exs. 1, 32.[13] Because the defendants are not "creditors" under TILA, this claim must be dismissed.

---

[12] 15 U.S.C. §§ 1601 *et seq.*

[13] *See, e.g.*, *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 269–70 (4th Cir. 2008) (company was not a "creditor" under TILA; the transaction documents showed that the loan was initially payable to another entity).

9

5. Fair Credit Reporting Act Claim

The Fair Credit Reporting Act ("FCRA")[14] creates a private right of action against a person who (1) reports consumer credit information to consumer reporting agencies, and (2) fails to investigate a dispute over the accuracy of the information after receiving notice of the dispute by the agency. 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b); *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 508-09 (D. Md. 2004). Because Sucklal has not alleged that the defendants reported her credit information, this claim must be dismissed.

6. Unfair and Deceptive Acts and Practices Claim

Maryland's Consumer Protection Act[15] defines "unfair and deceptive trade practices" as false or misleading representations that have "the capacity, tendency, or effect of deceiving or misleading consumers." Md. Code Ann., Com. Law § 13-301(1). Because Sucklal has not shown that the defendants made representations that misled or deceived her, this claim must be dismissed.

7. Predatory Lending Claim

In general, "predatory lending" is a term that describes

---

[14] 15 U.S.C. §§ 1681 *et seq.*

[15] Md. Code Ann., Com. Law §§ 13-101 *et seq.*

"abusive practices in home mortgage lending."[16] To state a predatory lending claim, the plaintiff must allege the specific law violated by the defendant's predatory behavior.[17] Although Sucklal has mentioned RICO, TILA, and FCRA violations, and unfair and deceptive practices, her allegations fail to state a claim. *See supra* Part II.A.3-6. Further, she has not pled any facts that would support a "reasonable inference" that the defendants engaged in abusive lending practices. *See Iqbal*, 129 S. Ct. at 1949. Thus, this claim must be dismissed.

8. Usury Claim

Usury is the "charging of interest by a lender in an amount which is greater than" the legal rate. Md. Code Ann., Com. Law § 12-101(k). The lender for both loans was Fremont, ECF No. 20, Exs. 1, 32, which is not a defendant. Further, a usury claim--which is "no ground for setting aside a mortgage foreclosure sale"--may only be filed as an exception to the auditor's final account of the sale. *Greenbriar Condo., Phase I Council of Unit Owners, Inc. v. Brooks*, 387 Md. 683, 732-33, 878 A.2d 528, 558-59 (2005) (citations and internal quotation marks omitted). Accordingly, this claim must be dismissed.

---

[16] *In re Tetterton*, 379 B.R. 595, 598 (Bankr. E.D.N.C. 2007).

[17] *See, e.g, Davis v. Wilmington Fin., Inc.*, No. PJM-09-1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26, 2010) (dismissing predatory lending claim that failed to "articulate any purported act of predatory lending" or cite law to support the claim).

11

9. Fraud in the Factum Challenge

Under Maryland law, if a person signs a contract (1) without knowing it is one, or (2) believing it is a different document, the contract is void under the fraud in the factum defense. *See Meyers v. Murphy*, 181 Md. 98, 99–100, 28 A.2d 861, 862 (1942). To the extent Sucklal is challenging the two January 20, 2006 notes as products of fraud in the factum, the notes identify the lender as Fremont,[18] which is not a defendant. Sucklal has not alleged that she signed a contract with either defendant. Thus, this challenge fails.

10. Unjust Enrichment Claim

A Maryland unjust enrichment claim must allege that (1) the plaintiff conferred a known benefit on the defendant, and (2) it would be inequitable for the defendant to keep the benefit without paying for it. *Berry & Gould, P.A. v. Berry*, 360 Md. 142, 151–52, 757 A.2d 108, 113 (2000). Because Sucklal has not alleged the benefit she conferred on the defendants, this claim must be dismissed.

11. Identity Theft Accusation

Identity theft in Maryland is a crime,[19] not a civil claim. The Court notes that the complaint does not allege how the

---

[18] ECF No. 20, Exs. 1, 32.

[19] Md. Code Ann., Crim. Law § 8-301; *see, e.g., Ishola v. State*, 404 Md. 155, 157, 945 A.2d 1273, 1274 (2008).

defendants stole Sucklal's identity.  Accordingly, the claim must be dismissed.

    12.  Civil Conspiracy Claim

A Maryland civil conspiracy claim is not an independent tort; the plaintiff must allege the "underlying tortious activity."  *Alleco Inc. v. Harry & Jeanette Weinberg Found.*, Inc., 340 Md. 176, 199, 665 A.2d 1038, 1045, 1049 (1995).  Because Sucklal has not alleged that the defendants committed a tort, this claim must be dismissed.

Because Sucklal has not properly pled a claim, the defendants' motions to dismiss must be granted.

 B. Sucklal's Motions to Consolidate

Under Fed. R. Civ. P. 42(a),[20] Sucklal moved to consolidate this case with *MacFadyen v. Smith*,[21] the foreclosure action that she removed to this Court.  *See* ECF Nos. 24, 29.  Because this

---

[20] Fed. R. Civ. P. 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)   join for hearing or trial any or all matters at issue in the actions;
> (2)   consolidate the actions; or
> (3)   issue any other orders to avoid unnecessary cost or delay.

[21] WDQ-10-2802.  The plaintiffs have moved to remand that case.  *Id.*, ECF No. 10.

case must be dismissed, the motions to consolidate are moot.[22]

III. Conclusion

For the reasons stated above, the defendants' motions to dismiss will be granted, and Sucklal's motions to consolidate will be denied.

| February 11, 2011 | _____/s/_____ |
|---|---|
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[22] *See, e.g.*, *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 946 F. Supp. 420, 422 (M.D.N.C. 1996) (denying motion to consolidate two cases after dismissing first case).